IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| YVETTE ORTIZ ARES AND CARMELO ORTIZ ARES, both individually and as sole heirs of their deceased father, CARMELO ORTIZ QUIÑONES<br><br>  Plaintiffs<br><br>    v.<br><br>NDA SERVICES CORP. D/B/A ADRIEL AUTO; TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA DISTRIBUTOR CORP.; TOYOTA MANUFACTURING CORP.; HOSPITAL WILMA VAZQUEZ, and INSURANCE COMPANIES A, B, C, D, and E<br><br>  Defendants | CIVIL NO.: 20-1679<br><br><br><br>TRIAL BY JURY REQUESTED |

## **COMPLAINT**

**TO THE HONORABLE COURT:**

 Come now the above-named Plaintiffs by and through their undersigned counsel and respectfully state, allege and pray as follows:

  **I. NATURE OF THE ACTION, JURISDICTION AND VENUE**

 1.1 Plaintiffs bring this action to assert wrongful death and tort claims as a result of the untimely death of their father, Carmelo Ortiz Quiñones (hereinafter "Decedent"), who passed away on November 30, 2019 due to the injuries caused by a defective 2018 Toyota Corolla manufactured, distributed and/or sold by the "Toyota Defendants" and/or the contributory negligence of the Hospital Defendant as more particularly alleged in this Complaint.

- 1 -

1.2	This Honorable Court has subject matter jurisdiction pursuant to 28 USC §1132(a)(1) since the parties on either side of this litigation are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1.3	Venue lies properly in this district pursuant to 28 U.S.C. §1391(b) on the basis that the Plaintiffs' claims arose within the judicial district of Puerto Rico.

1.4	Pursuant to the Seventh Amendment to the Constitution of the United Sates and to Rule 38(b), Fed.R.Civ.P., Plaintiffs request trial by jury as to all the issues and claims for damages asserted herein.

## II.    PARTIES TO THIS ACTION

2.1	Plaintiffs Yvette Ortiz Ares and Carmelo Ortiz Ares are the surviving children and heirs of the Decedent They are both residents and citizens of the State of New York

2.2	Co-Defendant NDA Services Corp. d/b/a Adriel Auto (hereinafter "Adriel Auto") is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico that has its principal place of business in Dorado, Puerto Rico. Adriel Auto sold the defective 2018 Toyota Corolla to the Decedent.

2.3	Co-Defendant Toyota Motor Sales, U.S.A., Inc., (hereinafter "Toyota USA") is a corporation organized and existing under the laws of the state of California that has its principal place of business in Plano, Texas. Toyota USA participated in the manufacturing and/or distribution chain of the defective 2018 Toyota Corolla that Adriel Auto sold to the Decedent.

2.4	Co-Defendant Toyota Manufacturing Corp., (hereinafter "Toyota Mfg.")so named because its real name is unknown at present, is a corporation organized and existing under the laws of a state different to the state of New York that has its principal

place of business in a state other than New York. Toyota Mfg. manufactured the defective 2018 Toyota Corolla that eventually Adriel Auto sold to the decedent.

2.5     Co-Defendant Toyota Distributor Corp., (hereinafter "Toyota Dist.") so named because its real name is unknown at present, is a corporation organized and existing under the laws of a state different to the state of New York that has its principal place of business in a state other than New York. Toyota Dist. Participated in the distribution and/or shipping of the defective 2018 Toyota Corolla that eventually Adriel Auto sold to the decedent.

2.6     Co-Defendant Hospital Wilma Vazquez (hereinafter "HWM"), so named because its real name is unknown at present, is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico that has its principal place of business in Vega Baja, Puerto Rico, wherein it owns and operates the Wilma Vázquez Hospital.

2.7     Co-Defendants Insurance Companies A, B, C, D, and F, so named because their real names are unknown at present, are insurance carriers organized and existing under the laws of states different to the state of New York that have their principal places of business in states other than New York, who, at all material times to this action, had issued insurance policies on behalf of each of the other named Defendants that cover the events and damages that are the subject of this action.

### III.     THE FACTS

3.1     On or about the month of December 2017, the Decedent purchased from Adriel Auto a new 2018 Toyota Corolla vehicle, VIN No. 5YFBURHEXJP742088, that had been manufactured by Toyota Mfg., distributed by Toyota Dist., and sold by Toyota USA.

3.2    Unbeknown to the decedent, the 2018 Toyota Corolla that he purchased from Adriel Auto had a hidden defect in its airbag and seat belt pretensioners systems that caused that, in certain the crashes, the vehicle's airbags and seat belt pretensioners did not deploy adequately, if at all.

3.3    On or about November 1, 2019, the Decedent suffered a vehicular accident while driving his 2018 Toyota Corolla and crashed in a ditch in the side of State Road No. 693. The vehicle's airbags and/or seat belt pretensioners did not deploy during the accident and, as result, the Decedent suffered multiple traumas in and around his body that would have been avoided and/or minimized had the airbags and seat belt pretensioners deployed as they were designed, supposed, intended, and/or expected.

3.4    The Decedent was transported by ambulance to the Emergency Room of Wilma Vazquez Hospital where he received the initial treatment for his multiple injuries. He remained hospitalized in Wilma Vazquez Hospital for several days and was subsequently transferred to the Rio Piedras Medical Center where he continued to receive treatment. However, he died on November 30, 2019 due to complications that arose on the multiple injuries that he suffered during the vehicular crash that occurred on November 1, 2019.

3.5    Plaintiffs did not learn about the defect in the 2018 Toyota Corolla until early April 2020 when a notice issued by Toyota USA and addressed to the Decedent was received by mail at the Decedents' home in Vega Alta, Puerto Rico, informing that Toyota had issued an important safety recall on various models, including "Certain 2011-2019 Model Year Corolla", because of a faulty electronic control unit (ECU) that could lead to incomplete or nondeployment of airbags and seat belt pretensioners in certain crashes, such as underride crashes.

3.6.    Plaintiffs subsequently learned that the safety recall was first issued by Toyota USA on or about January 21, 21, 2020.

## IV.    FIRST CLAIM FOR RELIEF
### (Strict Liability for Defective Vehicle)

4.1     Plaintiffs reallege as if fully set forth herein paragraphs 1.1 to 3.6, both inclusive.

4.2     The numerous physical injuries suffered by the Decedent as a result of the vehicular accident that occurred on November 1, 2019 and that eventually lead to his demise were caused by the defect in the 2018 Toyota Corolla, which caused the nondeployment of the airbags and seat belt pretensioners.

4.3     Had the airbags and seat belt pretensioners deploy in the manner that they were designed, supposed, intended, and/or expected, the Decedent would not have suffered all the multiple injuries and/or to a lesser degree and would have been able to recuperate from them.

4.4     Due to defect in the 2018 Toyota Corolla, as previously described, the Decedent was denied the opportunity to survive the crash.

4.5     Prior to his death, the Decedent suffered intense physical and emotional pain, which will be ultimately adjudged and quantified by the jury, but which is conservatively estimated in an amount not less than Five Hundred Thousand Dollars ($500,000.00). The physical and moral damages suffered by the Decedent immediately preceding his demise are inherited and claimed by his heirs.

4.6     Plaintiffs have also suffered deep and long-lasting mental pain and anguish as a result of the Decedent's untimely death. Plaintiffs' moral damages will be ultimately

adjudged and quantified by the jury but are conservatively estimated in an amount not less than Six Hundred Thousand Dollars ($600,000.00) for each of them.

4.7    Adriel Auto, Toyota USA, Toyota Mfg., and Toyota Dist. are all strictly liable to Plaintiffs for all the damages caused to the Decedent and to them by having manufactured and/or sold the defective 2018 Toyota Corolla.

4.8    Pursuant to Article 20.030 of the Puerto Rico's Insurance Code, 26 LPRA § 2003, Co-Defendants MedPro and Insurance Companies A, B, C, and D are also directly and strictly liable to Plaintiffs for the damages suffered by the Decedent and them, as previously described, which were covered by the insurance policies that they had issued for acts, omissions and/or events as the ones complained herein.

## V.    SECOND CLAIM FOR RELIEF
### (Hospital-Medical Malpractice under the Puerto Rico Civil Code)

5.1    Plaintiffs reallege as if fully set forth herein paragraphs 1.1 to 3.6, both inclusive.

5.2    The physicians that treated the Decedent in Wilma Vazquez Hospital were negligent in that they failed to tend him in accordance with the medical care, attention, skill, and protection that, in the light of the modern means of communication and education, and pursuant to the current status of scientific knowledge and medical practice, meets the professional requirements generally acknowledged by the medical profession and deviated from standard of care for male elderly patients that present to emergency rooms with the multiple injuries suffered by the Decedent.

5.3    By failing to adequately treat the Decedent, those physicians allowed the Decedent's health state to worsen and lead to the complications that eventually caused his death, depriving him of the opportunity to recover from his injuries.

5.4     Prior to his death, the Decedent suffered intense physical and emotional pain, which will be ultimately adjudged and quantified by the jury, but which is conservatively estimated in an amount not less than Five Hundred Thousand Dollars ($500,000.00). The physical and moral damages suffered by the Decedent immediately preceding his demise are inherited and claimed by his heirs.

5.5     Plaintiffs have also suffered deep and long-lasting mental pain and anguish as a result of the Decedent's untimely death. Plaintiffs' moral damages will be ultimately adjudged and quantified by the jury but are conservatively estimated in an amount not less than Six Hundred Thousand Dollars ($600,000.00) for each of them.

5.6     Wilma Vazquez Hospital is vicariously and jointly liable to Plaintiffs for the damages caused by him as a result of the negligent treatment provided by the physicians in its facilities as previously described.

5.7     Pursuant to Article 20.030 of the Puerto Rico's Insurance Code, 26 LPRA § 2003, Co-Defendant Insurance Company E is also directly and strictly liable to Plaintiffs for the damages suffered by the Decedent and them, as previously described, which were covered by the insurance policies that they had issued for acts, omissions and/or events as the ones complained herein.

## VI.     PRAYER

**WHEREFORE**, Plaintiffs respectfully request the entry of judgment in their favor condemning Defendants to pay jointly and severally the amounts claimed herein and taxing them with costs, prejudgment interest and a reasonable amount for attorney's fees.

*[Signature on next page.]*

Respectfully submitted, in San Juan, Puerto Rico, on November 30, 2019.

*S/Guillermo Ramos Luiña*
GUILLERMO RAMOS LUIÑA
USDC-PR NO. 204007
gramlui@yahoo.com

P. O. Box 22763, UPR Station
San Juan, PR 00931-2763
Tel. 787-620-0527
Fax 787-620-0039